**Arthur T. BUSSIERE, Petitioner,**

v.

**George GALAZA, Warden; et al., Respondents.**

**No. 02–55373.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 25, 2003.

Charles R. Khoury, Jr., Wilton, NH, Peter B. Clarke, Esq., Escondido, CA, for Petitioner.

Matthew C. Mulford, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner Arthur Bussiere challenges the denial of his habeas corpus petition. Bussiere claims that he received ineffective assistance of counsel at his murder trial because his trial counsel did not present a voluntary intoxication defense. We affirm the denial of habeas relief.

On March 21, 1990, Bussiere stabbed Donald Palmer while the two were fighting about the purchase of marijuana. Bussiere was charged with first degree murder and robbery. Bussiere testified at his trial that Palmer's death was an accident and that he did not intend to kill Palmer. Several of the people who saw Bussiere before and after Palmer's death testified that Bussiere had intended to rob Palmer and that Bussiere admitted killing Palmer. Defense counsel did not present a voluntary intoxication defense, although there was evidence that Bussiere was intoxicated. A San Diego County jury found Bussiere guilty of second degree murder and attempted robbery.

After his trial and conviction, Bussiere's state petition for writ of habeas corpus was consolidated with his direct appeal. The California Court of Appeal, Fourth Appellate District affirmed the judgment and denied the petition. The California Supreme Court summarily denied Bussiere's appeal and petition for habeas relief. Bussiere filed a federal habeas petition that the district court denied. The district court issued a Certificate of Appealability solely on the issue of whether Bussiere was "denied his Sixth Amendment right to effective assistance of counsel." We have jurisdiction under 28 U.S.C. § 2254.

A criminal defendant receives ineffective assistance of counsel in violation of his Sixth Amendment right if the defense attorney's assistance "falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry,* —— U.S. ——, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003) (per curiam) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Where a state court has already denied a habeas claim on the merits, the federal court may not grant habeas relief unless the state court decision:

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Bussiere argues that the state court decision was "based on an unreasonable determination of the facts" and that Bussiere's trial counsel rendered ineffective assistance of counsel under *Strickland.* See *Strickland*, 466 U.S. at 687 (holding counsel ineffective if decisions were objectively unreasonable and prejudiced defense).

The state appeals court held that even if Bussiere's trial counsel was ineffective, counsel's deficient performance did not prejudice Bussiere. It held that Bussiere's own testimony that he intentionally drew his knife to scare Palmer was inconsistent with a finding that Bussiere was too intoxicated to formulate malicious intent.[1]

Bussiere's trial testimony does support an inference that he had the malice requisite for murder. Further, other witnesses testified that immediately after the stabbing, Bussiere did not seem drunk and he was able to describe the stabbing in detail. The state court's holding is therefore not an unreasonable application of *Strickland.* See *id.* at 693.

PETITION DENIED.

---

1. Under California law, "[e]vidence of voluntary intoxication is admissible solely on the issue of whether or not the defendant actually formed a required specific intent." Cal.Penal Code § 22(b) (2003); *see also People v. Saille,* 54 Cal.3d 1103, 2 Cal.Rptr.2d 364, 820 P.2d 588, 596 (Cal.1991) ("[V]oluntary intoxication or mental condition may be considered in deciding whether the defendant actually had the required mental state, including malice.").